**THE ATTORNEY GENERAL**
**OF TEXAS**
**AUSTIN 11, TEXAS**
PRICE DANIEL



December 2, 1949

Hon. C. E. Patterson
County Attorney
Brewster County
Alpine, Texas

Opinion No. V-953.

Re: The expenditure of
county permanent im-
provement funds in
connection with a
public library.

Dear Sir:

You have requested an opinion on the following questions:

"**First**: Can a County donate to an In-
corporated Public Free Library (non-profit),
located within the county, and serving the
entire county? Such donation to be used for
land and buildings for said Free Library use.
Such donation to be made from Permanent Im-
provement Funds.

"**Second**: Can a County use permanent
improvement funds to make a payment to an
Established Library as contract considera-
tion under Article 1694, R.C.S.?

"**Third**: Can a County use permanent im-
provement funds to buy property for County
Free Library use?"

Sections 51 and 52 of Article III of the Con-
stitution of Texas provide in part as follows:

"Sec. 51. The Legislature shall have no power
to make any grant or authorize the making of
any grant of public moneys to any individual,
association of individuals, municipal or other
corporations whatsoever; . . .

"Sec. 52. The Legislature shall have no power
to authorize any County, City, town or other
political Corporation or Subdivision of the
State to lend its credit or to grant public
money or thing of value in aid of, or to any

individual, association or corporation whatso-
ever, or to become a Stockholder in such Cor-
poration, association or company; . . ."

Section 6 of Article XVI of the Constitution
of Texas provides that no appropriation for private or
individual purposes shall be made.

In view of the foregoing constitutional provi-
sions, it is our opinion that a county cannot donate to
an incorporated public free library any public money.
This holding, however, should not be construed to imply
that a county is prohibited from contracting for library
privileges from some already established library.

Article 1694, Vernon's Civil Statutes, provides:

"Instead of establishing a separate coun-
ty free library, upon petition of a majority
of the voters of the county, the commissioners
court may contract for library privileges from
some already established library. Such con-
tract shall provide that such established li-
brary shall assume the functions of a county
free library within the county with which the
contract is made, including incorporated cities
and towns therein, and shall also provide that
the librarian of such established library shall
hold or secure a county librarian's certifi-
cate from the State Board of Library Examiners.
Said court may contract to pay annually into
the library fund of said established library
such sum as may be agreed upon, to be paid out
of the county library fund. Either party to
such contract may terminate the same by giving
six months notice of intention to do so. Pro-
perty acquired under such contract shall be
subject to division at the termination of the
contract upon such terms as are specified in
such contract."

It was held in Attorney General opinion No.O-
6094 that Article 1694 authorized the commissioners'
court to contract for library privileges from some al-
ready established library upon its own initiative and
without a petition of the majority of the voters of the
county. We quote the following from said opinion:

"It is our belief that the words: 'upon

petition of a majority of the voters of the
county', as contained in said article 1694, su-
pra, if they have any meaning at all in this
article, refer back to the preceding clause in
description of the manner 'of establishing a
separate county free library.'

"Therefore, it is the opinion of this de-
partment that the commissioners' court may con-
tract for library privileges from some already
established library upon their own initiative
and without a petition of the majority of the
voters of the county."

In view of the foregoing it is our opinion that
the Commissioners' Court has authority to contract for li-
brary privileges from an already established library.

Article 1679, V.C.S., provides:

"After a county free library has been
established, the commissioners court shall
annually set aside from the general tax fund
of the county, a sum sufficient for the main-
tenance of said library, but not to exceed
five cents on the hundred dollars valuation
of all property in such county outside of all
incorporated cities and towns already support-
ing a free public library, and upon all pro-
perty within all incorporated cities and towns
already supporting a free public library, and
upon all property within all incorporated cit-
ies and towns already supporting a free pub-
lic library which have elected to become a
part of such free library systems provided in
this title for the purpose of maintaining coun-
ty free libraries and for purchasing property
therefor."

It was held in Attorney General opinion No.0-
3890 that the cost of maintaining and operating a coun-
ty free library or any branch or subdivision thereof
must be paid for out of the General Fund of the county.

If Brewster County should contract for library
privileges from an already established library, it is our
opinion that the county would have to use money from the
General Fund of the county rather than the Permanent Im-
provement Fund.

## SUMMARY

A county cannot donate public money to an incorporated public free library. Secs. 51 and 52, Art.III; and Sec.6, Art.XVI Constitution of Texas. The county is authorized to contract for library privileges from an already established library and pay for the same out of the General Fund of the county. Arts.1679 and 1694, V.C.S.; A.G.Opinions Nos. 0-3890, 0-6094.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _____
John Reeves
Assistant

JR:mw

APPROVED

Joe R. Greenhill
FIRST ASSISTANT
ATTORNEY GENERAL